**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**UNITED STATES OF AMERICA,**

v.                                                              CASE NO. 5:06-cr-12-Oc-33GRJ

**MILTON HARGRAVES BAXLEY II**
_____ /

**ORDER**

Before the Court is <u>Defendant's Motion for Stay or Sentence Pending Appeal</u> (Dkt. #68) filed November 17, 2006 and the Government's Response (Dkt #82) filed November 28, 2006. Although a notice of appeal usually divests the district court of jurisdiction, the initial determination of whether a convicted defendant is to be released pending appeal is to be made by the district court. <u>U.S. v Meyers</u>, 95 F3rd 1475 (10th Circuit, 1996)

In order to grant release pending appeal, the Court must find the following four factors;

1) that the defendant is not likely to flee or pose a danger to the safety of any other person or community if released;

2) that the appeal is not for the purpose of delay;

3) that the appeal raises a substantial question of law or fact: and

4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts which imprisonment has been imposed. 18 U.S.C.A §3143(2).

The Court has no reason to believe that the defendant will flee and does not believe that he is a danger. The nature of his crime was not one involving violence or any definable person as a victim. The Court also does not believe that the appeal was filed for the purpose of delay.

We do find, however, that the Defendant has not established that his appeal raises a substantial question of law or fact. A substantial question is one of more substance than would be

necessary to a finding that it was not frivolous. It is a close question or one that very well could be decided the other way. <u>US v Giancola</u> 754 F2d 898 (C.A. Fla 1985), The defendant's appeal is based on two orders, one denying his motion for an arrest of judgment and the other denying his motion for a new trial. The issues raised by the defendant have been addressed several times in this case, both by this judge and by Judge Covington. There is nothing new or substantial for the Court of Appeals to decide. Nor has the Defendant made any showing that any decision on appeal would result in a reversal, reduced sentence or new trial. Therefore, this Court finds that the four factors necessary to release a defendant pending appeal have not been met.

As for defendant's claim that he will be prejudiced if a stay is not granted, that it will impact his ability to timely prepare and file all the briefs required by the Federal Rues of Appellate Procedure, the Court would like to point out to the defendant that he is not the first pro se defendant to file an appeal while incarcerated and that justice indeed continues for those in prison.

The defendant, Milton Hargraves Baxley II was found guilty by a jury and the interest of justice will be served by his sentence commencing on December 8, 2006. Therefore, it is

**ORDERED** that the Defendant's Motion is **DENIED** and that he is to report on December 29, 2006 as directed by the U.S. Marshal's Service.

**DONE and ORDERED** at Jacksonville, Florida,, this 7th day of December, 2006.

_____
JOHN H. MOORE II
United States District Judge


Distribution:
    - Copy to counsel
      **US Marshal's Service**