UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA,

v.
                                    Case No.  5:06-cr-12-Oc-33GRJ
MILTON HARGRAVES BAXLEY, III,
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant's "Payment of Fine Under Protest and Amended Verified Motion for Reduction and Discharge of Fine by Way of Set-Off" (Doc. # 91), which was filed on June 20, 2008.  The Government filed a Response in Opposition to Defendant's Motion for Reduction on July 18, 2008. (Doc. # 92).  For the reasons that follow, Defendant's motion is denied.

**I.   Background**

On March 9, 2006, the grand jury returned a two count indictment against Defendant, charging that he knowingly and willfully disobeyed the lawful order of the United States District Court for the Middle District of Florida, in that while knowing he had been enjoined and prohibited by that Court from directly or indirectly preparing or assisting in the preparation of correspondence to the IRS on behalf of any other person or entity, the Defendant did directly and indirectly prepare and assist in the preparation of correspondence to the IRS on behalf of two individuals. (Doc. # 1 at 1-4).

Defendant, an attorney, moved to represent himself pursuant to Faretta v. California, 422 U.S. 806 (1975), and on April 6, 2006, after a hearing, the motion was granted. (Doc. ## 15). Thereafter, Defendant filed a motion to quash the indictment against him, which this Court denied on June 12, 2006. (Doc. ## 21, 31). The case proceeded to a jury trial which lasted for one day. (Doc. # 48). The jury returned a unanimous verdict finding Defendant guilty as to both counts of the indictment. (Doc. # 53). Defendant thereafter filed a motion for arrest of judgment (Doc. # 56), which this Court denied on August 29, 2006. (Doc. # 62). Defendant also filed a motion for a new trial (Doc. # 55), which this Court denied on September 14, 2006. (Doc. # 64). The Court sentenced Defendant on November 2, 2006, for two counts of wilfully disobeying and resisting the lawful order of the United States District Court for the Middle District of Florida, in violation of 18 U.S.C. § 401(3). Defendant was sentenced to 18 months imprisonment as to each count to run concurrently, 36 months supervised release as to each count to run concurrently, a special assessment of $200, and a fine of $10,000. (Doc. # 65). A judgment reflecting the sentence was entered on November 3, 2006. (Doc. # 66).

Defendant filed a direct appeal of his sentence on November 13, 2006. (Doc. # 67). The Eleventh Circuit affirmed his sentence. (Doc. # 88). Defendant also filed various motions to avoid serving his sentence, such as his motion to stay sentence pending appeal

(Doc. # 68), which the Court denied on December 7, 2006. (Doc. # 85).

## II. __Defendant's Present Motion__

As noted above, this Court imposed a $10,000 fine as a part of Defendant's sentence.  Defendant submits that he tendered $9,953.89 to the registry of the Court, but now seeks a refund of the money paid and a full discharge of the $10,000 fine.  Defendant asserts that this relief is appropriate because he erroneously overpaid the IRS $29,000 during the year 1995.  (Doc. # 91).  Defendant argues that the Government owes him $29,000, so he should not be required to pay the $10,000 fine.  Defendant accordingly seeks a "set-off" and a full discharge of the fine. (Doc. # 91 at 3).  Defendant also asserts, "Federal Reserve notes are issued by the Federal Reserve System and are not backed by either gold coin, silver coin, or any other thing of substantive value . . . . Since the Federal Government has failed to provide Constitutionally authorized gold and silver coins, or paper backed by gold and silver coins, Defendant has no Constitutional means with which to pay the fine imposed by the Court." (Doc. # 91 at 5-6).

The Government's response to Defendant's motion offers several proper alternatives for the denial of Defendant's motion.  The Government contends that the Court lacks jurisdiction to modify Defendant's sentence pursuant to United States v. Diaz-Clark, 292

F.3d 1310, 1317 (11th Cir. 2002), 18 U.S.C. § 3742, and Federal Rule of Criminal Procedure 35.

In addition, the Government asserts that Defendant's current claims are procedurally defaulted because Defendant did not raise such claims on direct appeal: "With regard to appealing a court order or ruling, controlling case law establishes that 'a claim not raised on direct appeal is procedurally defaulted unless the defendant can establish cause and prejudice for his failure to assert his claims on direct appeal.'" (Doc. # 92 at 3)(citing McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001)).  In the present case, Defendant has failed to address either cause or prejudice as required by controlling case law.

Furthermore, the Government correctly points out that there is no statutory or other legal basis for the relief that Defendant seeks in his present motion.  The Government points out:

> Under 42 U.S.C. § 10601, the defendant's $9,953.89 payment toward his criminal fine was deposited into an account at the U.S. Treasury known as the Crime Victims Fund.  Section 10601 mandates that fines and special assessments collected from persons convicted of crimes against the United States be deposited into the fund to help finance payments to victim compensation and assistance programs. . . . Deposits into the Crime Victims Fund remain separate from the general fund of the Treasury and are used exclusively for purposes of victim assistance.  See United States v. Wilson, 901 F.2d 1000, 1004 (11th Cir. 1991).  Given the independent structure and mandate of the Crime Victims Fund, the defendant's alleged overpayment of taxes to the IRS has no connection, legal or otherwise, to his payment of the criminal fine imposed against him by this Court. Under 26 U.S.C. § 6301, the IRS collects taxes imposed by the internal revenue laws.  Section 10601 is not a revenue

law because it provides for a source of funding that is
separate and distinct from the IRS. . . . Any legal claim
against the IRS, regardless of its merit, would not
authorize a refund from an independent account created
and funded exclusively for victim's assistance programs.
Section 10601 does not provide for such relief and does
not condition the payment of a fine on the status of any
claims a defendant may have against the government.

(Doc. # 92 at 4-5).

This Court adopts the Government's arguments on this matter
and further finds that Defendant has failed to assert a right to
set-off, reduction, discharge, refund, or any other sentence
modification requested by Defendant.

Accordingly, it is hereby:

**ORDERED, ADJUDGED, and DECREED**:

(1)   Defendant's Payment of Fine Under Protest and Amended Verified
      Motion for Reduction and Discharge of Fine by Way of Set-Off
      (Doc. # 91) is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida, this <u>19th</u> day of August
2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
All counsel and parties of record

-5-